No. 21-12571
(consolidated with No. 21-13198)

# United States Court of Appeals
*for the*
# Eleventh Circuit

JENNIFER DUPREE,

*Plaintiff-Appellant,*

v.

MRS. PAMELA OWENS and DEPARTMENT OF HUMAN SERVICES,

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Northern District of Georgia
Case No. 1:20-CV-4915-MLB – Honorable Michael L. Brown,
United States District Judge

### REPLY BRIEF FOR PLAINTIFF-APPELLANT

PHILIP J. BIEGLER
FRIEDMAN KAPLAN SEILER &
 ADELMAN LLP
7 Times Square
New York, NY 10036-6516
(212) 833-1100
pbiegler@fklaw.com

*Attorney for Plaintiff-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1, counsel for Plaintiff-Appellant Jennifer Dupree hereby certifies that the following persons and entities have or may have an interest in the outcome of this case:

1. Anand, Hon. Justin S. – U.S. Magistrate Judge, Northern District of Georgia

2. Barrett, James – Counsel for Defendant-Appellee Department of Human Services

3. Biegler, Philip J. – Counsel for Plaintiff-Appellant

4. Brown, Hon. Michael L. – U.S. District Judge, Northern District of Georgia

5. Carr, Christopher M. – Counsel for Defendant-Appellee Department of Human Services

6. Department of Human Services – Defendant-Appellee

7. Dupree, Jennifer – Plaintiff-Appellant

8. Friedman Kaplan Seiler & Adelman LLP – Counsel for Plaintiff-Appellant

9. Owens, Pamela – Defendant-Appellee

*Dupree v. Owens and DHS*, No. 21-12571

10. Petrany, Stephen John – Counsel for Defendant-Appellee Department of Human Services

11. Stoff, Katherine P. – Counsel for Defendant-Appellee Department of Human Services

12. Waldbeser, Drew – Former Counsel for Defendant-Appellee Department of Human Services

13. Webb, Bryan K. – Counsel for Defendant-Appellee Department of Human Services

**TABLE OF CONTENTS**

                                                                     **Page**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT REGARDING ADOPTION OF BRIEFS
OF OTHER PARTIES ....................................................................................... iii

ARGUMENT ......................................................................................................1

    I.    PLAIN ERROR REVIEW APPLIES AND SHOULD NOT
         DEFEAT MS. DUPREE'S APPEAL ......................................................1

         A.    REVIEWING FOR PLAIN ERROR IS NECESSARY
              IN THE INTERESTS OF JUSTICE ............................................1

         B.    RESOLUTION OF THE BATTLE APPEAL WILL
              ESTABLISH THAT THE DISTRICT COURT
              PLAINLY ERRED .......................................................................3

    II.   MS. DUPREE'S TITLE V CLAIM WAS NOT BARRED BY
         ELEVENTH AMENDMENT IMMUNITY ...........................................4

    III.  THIS COURT SHOULD CLARIFY THAT ANY DISMISSAL
         WAS WITHOUT PREJUDICE, AS DHS CONCEDES ......................6

CONCLUSION ....................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aning v. Fed. Nat'l Morg. Assoc.*,
  754 F. App'x 816 (11th Cir. 2018) ................................................................... 2

*City of Boerne v. Flores*,
  521 U.S. 507 (1997) ........................................................................................... 6

*Crayton v. Callahan*,
  120 F.3d 1217 (11th Cir. 1997) ........................................................................ 7

*Demshki v. Monteith*,
  255 F.3d 986 (9th Cir. 2001) ............................................................................ 5

*Henderson v. United States*,
  568 U.S. 266 (2013) ...................................................................................... 3, 4

*Hughes v. Lott*,
  350 F.3d 1157 (11th Cir. 2003) ........................................................................ 2

*MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*,
  974 F.3d 1305 (11th Cir. 2020) ........................................................................ 8

*Smith v. Dewberry*,
  No. 21-10607, 2022 WL 1948947 (11th Cir. June 6, 2022) ........................... 2

*Tennessee v. Lane*,
  541 U.S. 509 (2004) ........................................................................................... 6

*Toledo v. Sanchez*,
  454 F.3d 24 (1st Cir. 2006) ............................................................................... 5

**Statutes**

42 U.S.C. § 12101(b)(1) ....................................................................................... 6

42 U.S.C. § 12203(a) ............................................................................................ 5

# STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES

On July 19, 2022, this appeal was consolidated with *Battle v. Georgia Department of Corrections*, No. 21-13198 (the "Battle Appeal"). Plaintiff-Appellant hereby joins in and adopts (to the extent relevant to the issues she has raised) the legal arguments in plaintiff-appellant Dietrich Battle's opening and reply briefs in the Battle Appeal.

# ARGUMENT

## I.

## PLAIN ERROR REVIEW APPLIES AND SHOULD NOT DEFEAT MS. DUPREE'S APPEAL

In her opening brief, Ms. Dupree established that the Court should review the dismissal of her claims for plain error and that the dismissal should be vacated under the plain error standard.[1]  DHS's arguments to the contrary fall flat for two reasons.  *First*, they ignore critical procedural history in the district court that makes reviewing for plain error necessary in the interests of justice.  *Second*, they overlook the effect that this Court's decision in the Battle Appeal will have on the plain error analysis.

### A.     Reviewing for Plain Error Is Necessary in the Interests of Justice

DHS erroneously argues that Ms. Dupree is seeking a rule that "*pro se* litigants with 'several serious' medical conditions can *never* waive appellate review."  Resp. Br. at 30 (emphasis added).  Not so.  This oversimplification of Ms. Dupree's position ignores several key facts that make this case unique (and that would make a refusal to consider Ms. Dupree's arguments on appeal particularly harsh).

---

[1] Undefined terms have the meaning ascribed to them in Ms. Dupree's opening brief, which is referred to as "Dupree Br."  DHS's Response Brief is referred to as "Resp. Br."

Ms. Dupree's medical conditions—which include bipolar disorder, post-traumatic stress disorder, and depression—are of a kind that make proceeding *pro se* particularly difficult. Recognizing that she needed counsel, Ms. Dupree moved for appointment of counsel *twice* before objections to the R&R were due. *See* Dkts. 8, 15. Both motions were denied (*see* Dkts. 9, 20), which left Ms. Dupree to manage as well as she could on her own. Despite this, Ms. Dupree *did* file a document in response to the R&R. That document was linked to the R&R with a docket entry that read: "NOTICE of Filing Amended Complaint/objections by Jennifer Dupree re 4 Complaint, 20 FINAL REPORT AND RECOMMENDATION." *See* Dupree Br. at 6; Dkt. 25 at 4-5.

The district court stated that it did not believe this document contained objections to the R&R and struck it from the record, *see* Dkt. 25 at 5, 14, but the fact that Ms. Dupree filed it means the Court should review for plain error here. *See Aning v. Fed. Nat'l Mortg. Assoc.*, 754 F. App'x 816, 819 (11th Cir. 2018) (applying plain error where appellant failed to object to report and recommendation but filed response to motion to dismiss that could be construed as objections); *Smith v. Dewberry*, No. 21-10607, 2022 WL 1948947, at *1 n.1 (11th Cir. June 6, 2022) (applying plain error where appellant stated in notice of appeal that he "timely filed objections to the R&R, but the district court never received them"); *see also Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("*Pro se*

pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). In light of Ms. Dupree's serious mental health conditions, her repeated attempts to secure counsel in the district court, and her filing of "objections" linked to the R&R, reviewing for plain error is necessary in the interests of justice.

B.  **Resolution of the Battle Appeal Will Establish that the District Court Plainly Erred**

DHS argues that the district court could not have committed plain error because it "had to take the first stab at resolving a legal issue." Resp. Br. at 32. This misapprehends the law regarding the time for determining whether an error is plain.

An error can be plain even if—as here—it relates to an issue that was unsettled at the time the trial court decided it. *See Henderson v. United States*, 568 U.S. 266, 276-77 (2013). In *Henderson*, the Supreme Court began with the rule that an error is plain "even if the trial judge's decision was plainly *correct* at the time when it was made but subsequently becomes incorrect based on a change in law." *Id.* at 273-74. The Court then extended this rule to the circumstance where a trial judge's decision subsequently becomes incorrect but "was neither clearly correct nor incorrect" at the time the trial judge decided it. *Id.* at 274. The Court held that this rule, which asks whether an error is plain at the "time of review" (in contrast to the "time of error"), makes sense because "an appellate court must

3

apply the law in effect *at the time it renders a decision*." *Id.* at 276 (emphasis added).

This appeal and the Battle Appeal involve the same legal question: whether Congress validly abrogated the States' Eleventh Amendment immunity with respect to ADA Title V claims. If the Court decides this issue in Mr. Battle's favor (and it should), that decision will be binding on a subsequent decision in this appeal and will render the district court's dismissal of Ms. Dupree's Title V claim a "plain" error. *See id.*

## II.

**MS. DUPREE'S TITLE V CLAIM WAS NOT BARRED BY ELEVENTH AMENDMENT IMMUNITY**

In her opening brief, Ms. Dupree demonstrated that Congress had authority to—and did—abrogate Eleventh Amendment immunity with respect to her Title V claim. DHS attempts to overcome this showing by pressing for a rigid and inflexible application of this Court's three-part test for whether Congress abrogated sovereign immunity. This attempt fails. To obtain its desired result, DHS applies the test in a way that makes no sense in the context of Title V and that ignores the critical function Title V plays in the ADA's statutory scheme.

Ms. Dupree demonstrated that this Court should employ a flexible approach to determining whether a history of discrimination supported Congress's abrogation of Eleventh Amendment immunity against Title V claims. *See* Dupree

Br. at 17-18.  DHS ignores this argument and insists that the search for a history of discrimination is "limited to 'the specific constitutional rights and the history of constitutional violations *in the particular area at issue.*'"  Resp. Br. at 20 (quoting *Toledo v. Sanchez*, 454 F.3d 24, 35 (1st Cir. 2006)).  But the non-binding authority that DHS quotes for this proposition does not concern Title V at all, and there are commonsense reasons why a flexible approach is necessary in analyzing Title V.

Title V prohibits retaliation against an individual who opposes "any act or practice made unlawful by" the ADA or who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the ADA.  42 U.S.C. § 12203(a).  It would have been impossible for anyone to fall within the meaning of this provision before the ADA was enacted, because no act or practice would have been "unlawful" under the ADA before it existed, and there clearly would have been no procedures for participating in an investigation or proceeding under the ADA.  It therefore would not make sense to search only for a "pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled."  Resp. Br. at 20-21 (quoting *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001)).  No such pattern could have existed when Congress enacted the ADA.

Instead, it should be enough to look to the "hundreds of examples of unequal treatment of persons with disabilities by States and their political subdivisions"

5

discussed in *Tennessee v. Lane*, 541 U.S. 509, 526 (2004).  Although these examples related to discrimination in the administration of public programs and services, they establish a broad history of discrimination by the States against the disabled, which should be sufficient here given the critical role played by Title V in the ADA's statutory scheme.  *See City of Boerne v. Flores*, 521 U.S. 507, 520 (1997) (Congress has "wide latitude" in determining what types of remedial or prophylactic legislation is appropriate).

Congress enacted the ADA to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).  If Title V were not enforced against the States, then the other provisions of the ADA would be toothless for State employees because States would be free to retaliate against their employees for invoking ADA protections.  This overwhelming importance of Title V, coupled with the broad history of State discrimination identified in *Lane*, should be sufficient to enforce Title V against the States.

### III.

**THIS COURT SHOULD CLARIFY THAT ANY DISMISSAL WAS WITHOUT PREJUDICE, AS DHS CONCEDES**

Ms. Dupree demonstrated that the dismissal of her ADA claims on the jurisdictional grounds of Eleventh Amendment immunity should have been *without* prejudice.  *See* Dupree Br. at 20-23.  DHS agrees, but argues that neither reversal

nor remand is necessary because the dismissal—though "unlabeled"— was without prejudice by default. *See* Resp. Br. at 32-34.

DHS's concession that dismissal was in fact without prejudice would certainly be important (and would estop DHS from taking a contrary position) if Ms. Dupree were to refile her ADA claims in a different forum. However, the language of the district court's order creates at least a potential ambiguity as to the nature of the dismissal:

> The Magistrate Judge recommends Plaintiff's ADA claims be dismissed *with prejudice* and Plaintiff's "unfair termination/tort" claims be dismissed without prejudice. After conducting a thorough review, the Court finds no plain error in *this recommendation*.

Dkt. 25 at 5-6 (emphases added).

The district court never expressly said that the dismissal was with prejudice, but its statement that it found no plain error in "this recommendation"—which was to dismiss the ADA claims with prejudice—could be read as leaving some uncertainty. The Court should resolve that uncertainty by—at a minimum—modifying the district court's order so that any dismissal of Ms. Dupree's ADA claims is expressly without prejudice. *See Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) ("It appears from the language of the district court's memorandum opinions that its dismissal was with prejudice. We modify the judgment to the extent that the dismissal of the claims of the individual plaintiffs is

7

without prejudice . . . ."); *see also MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305, 1320 (11th Cir. 2020) (modifying dismissal to be without prejudice).

## CONCLUSION

This Court should vacate the dismissal of Ms. Dupree's Title V claim because the district court plainly erred in concluding that it was barred by Eleventh Amendment immunity. And because Ms. Dupree's Title V claim should have survived dismissal, the district court also plainly erred in declining to exercise supplemental jurisdiction over, and dismissing, Ms. Dupree's state law claims against DHS. Finally, to the extent this Court affirms the dismissal of either of Ms. Dupree's ADA claims, it should modify the district court's order to clarify that any such dismissal was without prejudice.

Dated: January 18, 2023

Respectfully Submitted,

FRIEDMAN KAPLAN SEILER &
 ADELMAN LLP


*/s/ Philip J. Biegler*
Philip J. Biegler
7 Times Square
New York, New York 10036-6516
(212) 833-1100

*Attorney for Plaintiff-Appellant Jennifer Dupree*

# CERTIFICATE OF COMPLIANCE WITH RULE 32

The foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1,807 words, excluding those parts of the brief exempted by Eleventh Circuit Rule 32-4.

The foregoing brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman font, using Microsoft Word.

*/s/ Philip J. Biegler*
Philip J. Biegler

# CERTIFICATE OF SERVICE

This is to certify that I have this day caused a copy of the foregoing **REPLY BRIEF FOR PLAINTIFF-APPELLANT** to be served upon counsel of record by filing the same with the Clerk of Court using the CM/ECF filing system which will automatically send email notification of such filing to the attorneys of record listed below.

>James Barrett
>Attorney General's Office
>40 Capitol Square SW
>Atlanta, GA 30334
>
>Stephen John Petrany
>Attorney General's Office
>40 Capitol Square SW
>Atlanta, GA 30334
>
>Katherine Stoff
>Attorney General's Office
>40 Capitol Square SW
>Atlanta, GA 30334
>
>Christopher Michael Carr
>Attorney General's Office
>40 Capitol Square SW
>Atlanta, GA 30334

This 18th day of January, 2023.

*/s/ Philip J. Biegler*
Philip J. Biegler